

FILED
CLERK, U.S. DISTRICT COURT

May 20, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY:＿＿＿PMC＿＿＿DEPUTY

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ,**<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>                    Plaintiff,<br><br>          v.<br><br>**Hibachi City Buffet, Inc.,** a California<br>  Corporation, aka Hibachi City Buffet;<br>**Wei Chen,** individually and as<br>  managing agent of corporate Defendant;<br>**Wu Chen,** individually and as<br>  managing agent of corporate Defendant;<br>**Honglin Chen,** individually and as<br>  managing agent of corporate Defendant,<br><br>                    Defendants. | Case No. 5:16-cv-00857-SVW(AJW)<br><br><br><br><br><br><br>**CONSENT JUDGMENT** |

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants Hibachi City Buffet, Inc., a California Corporation aka Hibachi City Buffet, Wei Chen, individually and as a managing agent of the corporate Defendants, Wu Chen, individually and as a managing agent of the corporate Defendants, and Honglin Chen, individually and as a managing agent of the corporate Defend-

ants, ("Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A.    The Secretary has filed a Complaint alleging that Defendants violated the wage and recordkeeping provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and 215(a)(5).

B.    Defendants have appeared and acknowledge receipt of a copy of the Secretary's Complaint.

C.    Defendants waive issuance and service of process and waive answer and any defenses to the Secretary's Complaint.

D.    The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E.    Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

G.    Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the FLSA in any of the following manners:

1. Defendants shall not, contrary to FLSA § 6, 29 U.S.C. § 206, pay any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is

employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), wages at a rate less than $7.25 an hour (or less than the applicable minimum rate as may hereafter be established by amendment to the FLSA).

2.   Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, pay any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), at a rate less than one and one-half times the regular rate at which he or she is employed for all hours worked over 40 hours in a workweek.

3.   Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4.   Defendants, jointly and severally, shall not continue to withhold the payment of $90,000.00 in minimum wage and overtime pay hereby found to be due under the FLSA to 40 employees, as a result of their employment by Defendants during the period of June 1, 2013 through October 2, 2014 ("back wage accrual period") as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross backwage amount due the employee and the period covered by the Consent Judgment.

5.   To accomplish the requirements of Paragraph 4, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, 100 North Barranca Street, Suite 850, West Covina, CA 91791, the following:

a. On or before June 1, 2016,  a schedule bearing the name of the corporate

Defendant, employer identification number, address, and phone number of the corporate Defendant and showing the name, last known (home) address, social security number, gross backwage amount for each person listed in the attached Exhibit 1.

b. On or before April 1, 2016 Defendants delivered a check in the amount of $31,025.67 covering the down payment of $22,500 as well as the first three payments as reflected on Exhibit 2.

c. On or before the first day of each month thereafter, beginning on August 1, 2016, Defendants shall make the payments set forth on the attached Exhibit 2. Each payment includes interest calculated at 1% per year on the unpaid balance until the balance is paid in full. All payments shall be in the form of a cashier's check or money order. These payments (payments 4 – 24) shall have the Firm name and "BWs + Int." written on each, and shall be payable to the order of the "Wage and Hour Div., Labor." All payments shall be delivered on or before the date the payment is due as set forth in Exhibit 2.

d. In the event of any default in the timely making of any payment due hereunder, the full amount due under the backwage provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the Defendants then known to the Secretary.

e. The Secretary shall allocate and distribute the backwages received under this Judgment, less deductions for employees' share of social security and withholding taxes on the backwage amounts, to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous re-

ceipts, pursuant to 29 U.S.C. § 216(c).

f. Defendants shall pay Civil Money Penalties assessed against the Defendants and finally determined, pursuant to authority granted in FLSA § 16(e), for violations of the minimum wage and overtime pay provisions of the FLSA during the backwage accrual period in the amount of $38,335. As set forth in the attached Exhibit 3, payments 25 through 37 shall have the Firm name and "OT/MW/CMP" written on the check, payable to the order of the "Wage and Hour Div., Labor." All payments shall be delivered to the Wage and Hour Division, United States Department of Labor, 100 North Barranca Street, Suite 850, West Covina, CA 91791.

6. Defendants shall amend and maintain their payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

a. Defendants shall record accurately all hours worked by employees on timecards, and this time must also be reflected in the payroll records. Each employee shall have only one timecard each pay period and all of the hours worked, regardless of the duties, shall be recorded on the timecard;

b. Defendants shall maintain all timecards and payroll records for a period of not less than three years;

c. The payroll records shall reflect all payments made to employees, whether or not the payments were made by check or in cash; d. Defendants shall pay employees for any time they are working, even if they are just waiting for customers.  Once employees get to work, Defendants shall pay them for all hours in their shift, regardless of whether they are serving customers or waiting for customers, until their shift is over;

e. Defendants shall not direct supervisors or payroll preparers to falsify timecards in any manner including reducing the number of hours worked by employees;

f. Defendants shall not request, require or otherwise cause employees to

sign inaccurate timecards;

g. Defendants shall not require employees to work "off the clock" either before or after their shift;

h. Defendants shall not claim that any employee who performs any work at the employer's business is an unpaid "volunteer" or "trainee." Any person performing any work, or training to work, must be compensated for their time as provided in the FLSA.

7. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the backwages from any of the employees listed on the attached Exhibit 1. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Judgment. Violation of this paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

8. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

9. Within 30 days of the entry of this Judgment, Defendants shall supply all of their employees with copies of the attached Exhibit 4, which summarizes terms of this Judgment and the employees' rights under the FLSA. The English, Spanish and Chinese versions are attached. If there is a conflict in translations the English version controls. In addition, Defendants shall provide copies of Exhibit 4 to all new hires, and post a copy at each business establishment in an area that is frequented by employees and where it is highly visible. This provision shall be in effect for a period of three years

from the date this Judgment is executed by all parties;  and, it is further

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: May 20, 2016.

Stephen V. Wilson
United States District Judge

For the Defendants:

The Defendants hereby appear, waive any
defense herein, consent to the entry of
this Judgment, and waive notice by the
Clerk of Court:

For:  Hibachi City Buffet, Inc.,

Dba Hibachi City Buffet

By: _____          3/9/16
      Wei Chen                                 Date

Its: _____

By: _____          3/9/16
      Wei Chen, Individually                   Date

By: _____          3/9/16
      Wu Chen, Individually                    Date

By: _____          3/9/16
      Honglin Chen, Individually               Date

Attorneys for the Defendants

Leech Tishman Fuscaldo & Lampl

_____        _____
Tony R. Skogen, Attorney                              Date

**Consent Judgment**                                                  Page 9 of 17

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

4-28-16

BORIS ORLOV, Attorney                    Date
Attorneys for the Plaintiff
U.S. Department of Labor

**Exhibit 1**

| First Name | Last Name | Period of Investigation | Back Wages | Interest | Total Due |
|---|---|---|---|---|---|
| Chaoran | He | 6/8/13-10/4/14 | $ 2,026.07 | $ 15.88 | $ 2,041.95 |
| Jin | Chen | 6/7/14-10/4/14 | $ 3,583.83 | $ 28.10 | $ 3,611.93 |
| Liang | Chen | 12/7/13-10/4/14 | $ 7,810.14 | $ 61.21 | $ 7,871.35 |
| Meiqing | Chen | 10/19/13-12/21/13 | $ 1,221.33 | $  9.57 | $ 1,230.90 |
| Minhua | Chen | 6/8/13-10/4/14 | $ 2,131.18 | $ 16.71 | $ 2,147.89 |
| Renliang | Chen | 6/8/13-10/4/14 | $   719.05 | $  5.64 | $   724.69 |
| Ying | Chen | 6/8/13-10/4/14 | $ 2,742.09 | $ 21.49 | $ 2,763.58 |
| Li Dong | Lin | 6/8/13-10/4/14 | $ 1,984.43 | $ 15.55 | $ 1,999.98 |
| Jian Fang | Xu | 5/24/13-10/2/14 | $   762.19 | $  6.00 | $   768.19 |
| Xue Fei | Liu | 09/7/13 - 10/19/13 | $   854.92 | $  6.69 | $   861.61 |
| Wenzhe | Guo | 6/8/13-10/4/14 | $   885.22 | $  6.93 | $   892.15 |
| Yuying | Holl | 7/6/13 - 8/17/13 | $   794.31 | $  6.22 | $   800.53 |
| Chunmei | Ji | 6/8/13-10/4/14 | $ 1,657.01 | $ 12.98 | $ 1,669.99 |
| Jiang | Junwei | 7/5/14 - 7/19/14 | $   355.03 | $  2.79 | $   357.82 |
| Suoming | Kang | 10/5/13 - 10/19/13 | $   366.39 | $  2.88 | $   369.27 |
| Lina | Liu | 6/8/13-10/4/14 | $ 3,124.75 | $ 24.49 | $ 3,149.24 |
| Bo | Lu | 6/8/13-10/4/14 | $ 3,518.54 | $ 27.58 | $ 3,546.12 |
| Congying | Nan | 1/18/14 - 2/1/14 | $   179.75 | $  1.40 | $   181.15 |
| Tong R | Lu | 6/8/13-10/4/14 | $ 9,354.13 | $ 73.32 | $ 9,427.45 |
| Zhigang | Ren | 6/8/13-10/4/14 | $ 1,017.90 | $  7.98 | $ 1,025.88 |
| Xiao Shen | Chen | 6/8/13-10/4/14 | $ 2,777.82 | $ 21.77 | $ 2,799.59 |
| Antonio | Sohom | 6/8/13-10/4/14 | $ 2,020.70 | $ 15.83 | $ 2,036.53 |
| Manuel | Sohom | 6/8/13-10/4/14 | $   916.08 | $  7.18 | $   923.26 |
| Tomas | Sohom | 6/8/13-10/4/14 | $   916.08 | $  7.18 | $   923.26 |

**Consent Judgment**

| | | | | | |
|---|---|---|---|---|---|
| Chunlong | Song | 6/8/13-10/4/14 | $ 7,463.62 | $ 58.49 | $ 7,522.11 |
| Wei | Wang | 6/8/13-10/4/14 | $    441.26 | $   3.45 | $    444.71 |
| Xin | Wang | 6/8/13-10/4/14 | $    914.63 | $   7.16 | $    921.79 |
| Yuting | Wang | 6/8/13-10/4/14 | $ 2,076.26 | $ 16.27 | $ 2,092.53 |
| Zi | Wang | 11/2/13 - 11/16/13 | $    366.39 | $   2.88 | $    369.27 |
| Huixiong | Wu | 7/6/13 - 11/16/13 | $ 2,442.66 | $ 19.15 | $ ,461.81 |
| Yu Xian | Zhu | 6/8/13-10/4/14 | $ 8,695.91 | $ 68.15 | $ 8,764.06 |
| Shuyi | Xing | 6/8/13-10/4/14 | $    407.16 | $   3.17 | $    410.33 |
| Xiao Yan | Chen | 01/04/14-2/1/14 | $    610.66 | $   4.79 | $    615.45 |
| Hu | Yang | 6/8/13-10/4/14 | $ 1,770.48 | $ 13.88 | $ 1,784.36 |
| Lan | Yu | 6/8/13-10/4/14 | $    568.04 | $   4.48 | $    572.52 |
| Ziyu | Yu | 6/8/13-10/4/14 | $    929.78 | $   7.28 | $    937.06 |
| Mei Yun | Shao | 6/8/13-10/4/14 | $    479.36 | $   3.77 | $    483.13 |
| Chunjie | Zhang | 6/8/13-10/4/14 | $ 1,153.10 | $   9.00 | $ 1,162.10 |
| Shuren | Zhang | 6/8/13-10/4/14 | $ 7,465.73 | $ 58.52 | $ 7,524.25 |
| Wenjing | Zhong | 6/8/13-10/4/14 | $ 2,496.02 | $ 19.56 | $ 2,515.58 |
| **Total Due** | | | **$ 90,000.00** | **$705.37** | **$90,705.37** |

**Consent Judgment**

EXHIBIT 2

| No. | Payment Date | Beginning Balance | Principal | Interest | Payment | Ending Balance | |
|-----|-----|-----|-----|-----|-----|-----|-----|
| 1 | 5/1/2016 | $67,500.00 | $2,785.64 | $56.25 | **$2,841.89** | $64,714.36 | PAID |
| 2 | 6/1/2016 | $64,714.36 | $2,787.96 | $53.93 | **$2,841.89** | $61,926.40 | PAID |
| 3 | 7/1/2016 | $61,926.40 | $2,790.29 | $51.61 | **$2,841.89** | $59,136.11 | PAID |
| 4 | 8/1/2016 | $59,136.11 | $2,792.61 | $49.28 | **$2,841.89** | $56,343.50 | |
| 5 | 9/1/2016 | $56,343.50 | $2,794.94 | $46.95 | **$2,841.89** | $53,548.56 | |
| 6 | 10/1/2016 | $53,548.56 | $2,797.27 | $44.62 | **$2,841.89** | $50,751.30 | |
| 7 | 11/1/2016 | $50,751.30 | $2,799.60 | $42.29 | **$2,841.89** | $47,951.70 | |
| 8 | 12/1/2016 | $47,951.70 | $2,801.93 | $39.96 | **$2,841.89** | $45,149.77 | |
| 9 | 1/1/2017 | $45,149.77 | $2,804.27 | $37.62 | **$2,841.89** | $42,345.50 | |
| 10 | 2/1/2017 | $42,345.50 | $2,806.60 | $35.29 | **$2,841.89** | $39,538.90 | |
| 11 | 3/1/2017 | $39,538.90 | $2,808.94 | $32.95 | **$2,841.89** | $36,729.96 | |
| 12 | 4/1/2017 | $36,729.96 | $2,811.28 | $30.61 | **$2,841.89** | $33,918.68 | |
| 13 | 5/1/2017 | $33,918.68 | $2,813.62 | $28.27 | **$2,841.89** | $31,105.05 | |
| 14 | 6/1/2017 | $31,105.05 | $2,815.97 | $25.92 | **$2,841.89** | $28,289.08 | |
| 15 | 7/1/2017 | $28,289.08 | $2,818.32 | $23.57 | **$2,841.89** | $25,470.77 | |
| 16 | 8/1/2017 | $25,470.77 | $2,820.66 | $21.23 | **$2,841.89** | $22,650.10 | |
| 17 | 9/1/2017 | $22,650.10 | $2,823.02 | $18.88 | **$2,841.89** | $19,827.09 | |
| 18 | 10/1/2017 | $19,827.09 | $2,825.37 | $16.52 | **$2,841.89** | $17,001.72 | |
| 19 | 11/1/2017 | $17,001.72 | $2,827.72 | $14.17 | **$2,841.89** | $14,174.00 | |
| 20 | 12/1/2017 | $14,174.00 | $2,830.08 | $11.81 | **$2,841.89** | $11,343.92 | |
| 21 | 1/1/2018 | $11,343.92 | $2,832.44 | $9.45 | **$2,841.89** | $8,511.48 | |
| 22 | 2/1/2018 | $8,511.48 | $2,834.80 | $7.09 | **$2,841.89** | $5,676.68 | |
| 23 | 3/1/2018 | $5,676.68 | $2,837.16 | $4.73 | **$2,841.89** | $2,839.52 | |
| 24 | 4/1/2018 | $2,839.52 | $2,839.52 | $2.37 | **$2,841.89** | $0.00 | |

**Consent Judgment**

EXHIBIT 3

| No. | Payment Date | Beginning Balance | Principal | Interest | Payment | Ending Balance |
|---|---|---|---|---|---|---|
| 25 | 5/1/2018 | $38,335.00 | $3,179.97 | $31.95 | **$3,211.91** | $35,155.03 |
| 26 | 6/1/2018 | $35,155.03 | $3,182.62 | $29.30 | **$3,211.91** | $31,972.41 |
| 27 | 7/1/2018 | $31,972.41 | $3,185.27 | $26.64 | **$3,211.91** | $28,787.14 |
| 28 | 8/1/2018 | $28,787.14 | $3,187.92 | $23.99 | **$3,211.91** | $25,599.22 |
| 29 | 9/1/2018 | $25,599.22 | $3,190.58 | $21.33 | **$3,211.91** | $22,408.64 |
| 30 | 10/1/2018 | $22,408.64 | $3,193.24 | $18.67 | **$3,211.91** | $19,215.40 |
| 31 | 11/1/2018 | $19,215.40 | $3,195.90 | $16.01 | **$3,211.91** | $16,019.50 |
| 32 | 12/1/2018 | $16,019.50 | $3,198.56 | $13.35 | **$3,211.91** | $12,820.93 |
| 33 | 1/1/2019 | $12,820.93 | $3,201.23 | $10.68 | **$3,211.91** | $9,619.70 |
| 34 | 2/1/2019 | $9,619.70 | $3,203.90 | $8.02 | **$3,211.91** | $6,415.81 |
| 35 | 3/1/2019 | $6,415.81 | $3,206.57 | $5.35 | **$3,211.91** | $3,209.24 |
| 36 | 4/1/2019 | $3,209.24 | $3,209.24 | $2.67 | **$3,211.91** | $0.00 |

**Consent Judgment**

EXHIBIT 4

## LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece or flat rate** basis are entitled to overtime when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **Hibachi City Buffet,** from violating the minimum wage and overtime requirements of the **Fair Labor Standards Act**.  All employees who work in this establishment can help the employer not to violate the Court's Order.  **If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at (626) 966-0478 and your name will be kept confidential.**

**Consent Judgment**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICIA LEGAL A TODOS LOS EMPLEADOS

La ley de el **Fair Labor Standards Act** determina que se les debe de pagar a to-
dos los empleados el **sueldo mínimo** por todas las horas que ellos trabajen.  A su vez,
también estipula que todo empleado que trabaje extra, más de 40 horas en una semana
laboral, se les deberá pagar **a tiempo y medio** de lo que ganen por cada hora extra traba-
jada.   Todos los empleados, independientemente de que se les pague por **hora** o por
**pieza**, tienen derecho a que se les pague el tiempo extra cuando trabajan más de 40 horas
en una semana laboral.

Para resolver una demanda laboral iniciada por el **Departamento Del Trabajo**, la
**Corte de Distrito de los Estados Unidos** expidió una  orden que prohíbe a **Hibachi
City Bufet,** de violar los requisitos de pago de el sueldo minimo y de el pago de sobre-
tiempo que estipula la ley de el **Fair Labor Standards Act**.

Todos los empleados que trabajan en éste establecimiento pueden ayudar a que este em-
pleador no viole la orden de la Corte.  **Si usted piensa que no le están pagando de
acuerdo a la ley, por favor llame al Departamento del Trabajo de los Estados Uni-
dos, Division de Horas y Salarios, al (626) 966-0478.  Su llamada será confidencial.**

**Consent Judgment**

1

## 给全体员工的法律公告

2

3
根据**公平劳资法**规定 所有的员工其工作的所有时数都应收到**最低工资**.

另外当其一周内工作的时数超过四十小时时,

4
超出的工时应收到一倍半的**加班费**.

5
不论员工是**时薪制**或**按件计筹或统一费率**都有权在一周工作超过四十小时时

6
收到加班费.

7

8
为解决**劳工部**对Hibachi City Buffett 提出的诉讼,

**美国地方法院**裁决禁止Hibachi City Buffett

9
从事任何违反公平劳资法下最低薪资或加班费规定的行为.

10

11
所有在此工作的员工都可协助Hibachi City Buffet避免违反此裁决.

12
**如果您认为这公司未依法付您的工资请打电话给美国联邦劳工部工资工时处**

13
**联系(626)966-0478.  您的姓名将受到保密.**

14

15

16

## 給全體員工的法律公告

17
根據**公平勞資法**規定 所有的員工其工作的所有時數都應收到**最低工資** .

18
另外當其一周內工作的時數超過四十小時時,  超出的工時

19
應收到一倍半的**加班費**.

20
不論員工是**時薪制**或**按件計籌或統一費率**都有權在一周工作超過四十小時

21
收到加班費.

22
為解決**勞工部**提出的訴訟,    **美國地方法院**裁決禁止Hibachi City Buffett

23
從事任何違反**公平勞資法**下最低薪資或加班費規定的行為.

24
所有在此工作的員工都可協助Hibachi City Buffet避免違反此項裁決.

25
**如果您認為這公司未依法付您的工資  請打電話給**

26
**美國聯邦勞工部工資工時處聯繫    (626)966-0478.    您的姓名將受到保密.**

27

28

**Consent Judgment**